UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN MEARS | CIVIL ACTION |
| VERSUS | NO. 25-850-SDD-SDJ |
| BRIAN K. ABELS, et al. | |

### ORDER

Before the Court are the following Motions filed by Plaintiff Steven Mears, who is proceeding *pro se* in this litigation: Motion for Leave to Transfer Venue (R. Docs. 6, 17); Motion to Stay State Court Proceedings (R. Docs. 8, 16); and Motion to Hold Federal Action in Abeyance or Permit Amendment (R. Docs. 9, 15).  The Court notes that Plaintiff has filed each of these Motions twice in this litigation.  No Defendant has yet been served or has made an appearance in this case.  The Court addresses each Motion, in turn, below.

**Motion for Leave to Transfer Venue (R. Docs. 6, 17)**

Plaintiff has filed two identical Motions.  In this Motion, Plaintiff requests that the Court "Transfer this Action to A Neutral District pursuant to 28 U.S.C. 1404(a), in the Interest of Justice and for the convenience of the parties."[1]  Per Plaintiff, "the Middle District of Louisiana is Prejudicial to this Action due to the involvement of Officials and Institutions from St. Helena Parish and East Feliciana Parish which Both lies within the Middle District."[2]  Plaintiff continues, asserting that he "has Experienced Documented Retaliation, Obstruction, Denial of Access to the Courts and Bias from local Actors, which undermines the fairness and Integrity of the proceedings

---

[1] R. Doc. 6 at 1; R. Doc. 17 at 1.
[2] *Id.*; R. Doc. 17 at 1.

in this Venue."[3]  He then asks that the matter be transferred to a "Neutral District" such as the Western District of Louisiana.

28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Plaintiff filed this lawsuit.  Plaintiff himself specifically selected the Middle District of Louisiana in which to file his suit.  The Court will not transfer it simply because Plaintiff has changed his mind.  Moreover, none of the Defendants named in this case have any relation to this Court.  As such, Plaintiff has in no way demonstrated that this Court is not neutral.  In addition, Plaintiff has made no assertion that this action could originally have been brought in the Western District of Louisiana—or any other district.  And, as no Defendant has yet been served or made an appearance in this matter, the parties have not all consented.  As such, this Motion is denied, and Plaintiff's second, identical Motion will be denied as moot in light of this ruling.

### Motion to Stay State Court Proceedings (R. Docs. 8, 16)

Plaintiff, again, has filed two identical Motions.  In this Motion, Plaintiff asks the Court "to issue an Order STAYING ALL Proceedings Currently pending in the 21st Judicial District Court for the Parish of St. Helena, Louisiana, until this Court has resolved Plaintiff's Federal Complaint."[4]  As asserted by Plaintiff, "the State Court proceedings are directly related to the claims raised in this Action, and [] allowing them to continue would risk Conflicting rulings, Prejudice, and Irreparable Harm."[5]  While Plaintiff provides no further information about said state court proceeding, such as a caption or case number, in his Motion, a review of the exhibits attached

---

[3] *Id.* at 1-2; R. Doc. 17 at 1-2.
[4] R. Doc. 8 at 1; R. Doc. 16 at 1.
[5] *Id.* at 1-2; R. Doc. 16 at 1-2.

to an Amended Complaint reveals a case captioned *Steven Mears, et al. v. Stanley Jerome Daniels, et al.* filed in the 21st Judicial District Court.

Here, Plaintiff has not identified any authority pursuant to which this Court can stay the state court proceedings. It is not the Court's job to do Plaintiff's work for him, even if he is proceeding *pro se*. *See Richardson v. United Wholesale Mortgage, LLC*, No. 24-276, 2024 WL 5264095, at *5 n. 24 (M.D. La. Dec. 31, 2024) ("While much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim."). Thus, it is not the Court's responsibility to sift through Plaintiff's numerous exhibits to try to identify the state proceeding in question and the status and/or substance thereof.

Finally, this Court can neither accept as true or construe in favor of Plaintiff any conclusory allegations made by Plaintiff. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotations omitted); *see also BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 776 (W.D. Tex. 2022) ("While this Court construes a complaint in the light most favorable to plaintiff, accepting all well-pleaded facts as true, it does not 'accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'") (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Plaintiff has provided only conclusory assertions in his Motion; he has made no concrete assertions as to what the state court case is about, the similarities between the two, why there is potential for conflicting rulings, or what irreparable harm may occur. As Plaintiff has provided no basis for this Court to stay any

proceedings in state court, this Motion, too, is denied, and Plaintiff's second, identical Motion will also be denied as moot in light of this ruling.

### Motion to Hold Federal Action in Abeyance or Permit Amendment (R. Docs. 9, 15)

Once more, Plaintiff has filed two identical Motions. In this Motion, Plaintiff asks that this proceeding be stayed until all state court proceedings conclude, if this Court does not stay the proceedings in state court. As with the prior Motion, Plaintiff has not explained the need for a stay in this Court; in fact, Plaintiff has provided no reason at all for his request. The Court, therefore, will deny Plaintiff's request for a stay.

In addition to requesting a stay, Plaintiff also makes the following request:[6]

> Alternatively, if this Court grants Preliminary injunctive Relief, and or Injunctive Relief and the State Court Refuses and Fails to Transfer the Matter to A Court with Jurisdiction to Adjudicate the Nature of Plaintiff's Constitutional Claims, and Refuses and Fails to Adjudicate Plaintiff's Constitutional Claims, then Plaintiff Respectfully Requests Leave to Amend his Complaint to assert those Constitutional issues directly in this Court to be Adjudicated.

The Court is not entirely sure what Plaintiff is asking here, but to the extent that he seeks permission to amend his Complaint at some future date, the Court finds this request premature. Should Plaintiff wish to amend his Complaint, he should file one motion requesting leave to do so at that time. As such, this Motion, too, is denied, and Plaintiff's second, identical Motion again will be denied as moot in light of this ruling.

Accordingly,

---

[6] R. Doc. 9 at 2; R. Doc. 15 at 2.

**IT IS ORDERED** that Plaintiff's first Motion for Leave to Transfer Venue (R. Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's second Motion for Leave to Transfer Venue (R. Doc. 17), which is identical to Plaintiff's first such Motion, ruled on above, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's first Motion to Stay State Court Proceedings (R. Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's second Motion to Stay State Court Proceedings (R. Doc. 16), which is identical to Plaintiff's first such Motion, ruled on above, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' first Motion to Hold Federal Action in Abeyance or Permit Amendment (R. Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's second Motion to Hold Federal Action in Abeyance or Permit Amendment (R. Doc. 15), which is identical to Plaintiff's first such Motion, ruled on above, is **DENIED as moot**.

Finally, Plaintiff is **AGAIN ORDERED** to file only one single copy of each Motion. The Court will rule on each Motion in due course. Any duplicate Motions will automatically be struck from the record.

Signed in Baton Rouge, Louisiana, on November 14, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**